FILED

2007 JAN 19  PM 1:22

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  In re ORANGE 21 INC. SECURITIES        )   No. 05-CV-0595-JM(BLM)
    LITIGATION                             )
12  _____   )   CLASS ACTION
                                           )
13  This Document Relates To:              )   [~~PROPOSED~~] ORDER PRELIMINARILY
                                           )   APPROVING SETTLEMENT AND
14       ALL ACTIONS.                      )   PROVIDING FOR NOTICE
    _____   )

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    WHEREAS, a consolidated class action is pending before this Court entitled *In re Orange 21*

2    *Inc. Securities Litigation*, No. 05-CV-0595-JM(BLM) (the "Litigation");

3    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

4    Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a

5    Stipulation of Settlement dated as of December 14, 2006 (the "Stipulation"), which, together with

6    the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the

7    Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth

8    therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

9    and

10    WHEREAS, all defined terms contained herein shall have the same meanings as set forth in

11    the Stipulation.

12    NOW, THEREFORE, IT IS HEREBY ORDERED:

13    1.    The Court does hereby preliminarily approve the Stipulation and the settlement set

14    forth therein, subject to further consideration at the Settlement Hearing described below.

15    2.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby

16    certifies, for purposes of effectuating this settlement, a Class defined as all Persons (other than those

17    Persons who timely and validly request exclusion from the Class) who purchased or otherwise

18    acquired the common stock of Orange 21 on the date the stock was issued in connection with Orange

19    21's December 14, 2004 IPO through February 17, 2005. Excluded from the Class are Defendants,

20    members of the immediate families of the Defendants, any entity in which any Defendant has or had

21    a controlling interest, present or former directors and officers of Orange 21, and the legal

22    representatives, heirs, successors, or assigns of any such Defendant.

23    3.    The Court finds, for the purposes of the settlement only, that the prerequisites for a

24    class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied

25    in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is

26    impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the

27    named representative are typical of the claims of the Class she seeks to represent; (d) the Lead

28    Plaintiff has and will fairly and adequately represent the interests of the Class; (e) the questions of

1    law and fact common to the Members of the Class predominate over any questions affecting only

2    individual Members of the Class; and (f) a class action is superior to other available methods for the

3    fair and efficient adjudication of the controversy.

4          4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of

5    the settlement only, Lead Plaintiff Christine Pittman is certified as the class representative.

6          5.     A hearing (the "Settlement Hearing") shall be held before this Court on Apr. 23,

7    2007, at 10:00 A.m., at the United States Courthouse, Southern District of California, 940 Front

8    Street, San Diego, California, to determine whether the proposed settlement of the Litigation on the

9    terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and

10   should be approved by the Court; whether a Judgment should be entered herein; whether the

11   proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses

12   that should be awarded to Lead Counsel.  The Court may adjourn the Settlement Hearing without

13   further notice to Members of the Class.

14         6.     The Court approves, as to form and content, the Notice of Pendency and Proposed

15   Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of

16   Claim"), and Summary Notice annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the

17   mailing and distribution of the Notice and publishing of the Summary Notice substantially in the

18   manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23,

19   due process, and is the best notice practicable under the circumstances and shall constitute due and

20   sufficient notice to all Persons entitled thereto.

21         7.     Lead Counsel are hereby authorized to retain the firm of Gilardi & Co. LLC ("Claims

22   Administrator") to supervise and administer the notice procedure as well as the processing of claims

23   as more fully set forth below:

24         (a)    Not later than Feb. 2 , 2007 (the "Notice Date"), the Claims

25   Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the form

26   annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who

27   can be identified with reasonable effort;

28

1         (b)     Not later than Feb. 9 , 2007, the Claims Administrator shall cause the

2 Summary Notice to be published once in *Investor's Business Daily*; and

3         (c)     At least seven (7) days prior to the Settlement Hearing, Lead Counsel shall

4 serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such

5 mailing and publishing.

6         8.     Nominees who purchased or acquired the common stock of Orange 21 in connection

7 with Orange 21's December 14, 2004 IPO through February 17, 2005 for the beneficial ownership of

8 another Person shall send the Notice and the Proof of Claim to such beneficial owners of such

9 Orange 21's common stock within ten (10) days after receipt thereof, or send a list of the names and

10 addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt

11 thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim

12 to such beneficial owners.

13         9.     All Members of the Class shall be bound by all determinations and judgments in the

14 Litigation concerning the settlement, whether favorable or unfavorable to the Class.

15         10.    Class Members who wish to participate in the settlement shall complete and submit

16 Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders

17 otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice

18 Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for,

19 shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless

20 otherwise ordered by the Court, but shall nevertheless be bound by any Final Judgment entered by

21 the Court.

22         11.    Any Member of the Class may enter an appearance in the Litigation, at his, her or its

23 own expense, individually or through counsel of their own choice. If they do not enter an

24 appearance, they will be represented by Lead Counsel.

25         12.    Pending final determination of whether the settlement should be approved, neither the

26 Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall

27 commence or prosecute against any of the Released Parties, any action or proceeding in any court or

28 tribunal asserting any of the Released Claims.

13.     Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than Mar. 19 , 2007. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions and sales of Orange 21's common stock made during the Class Period, including the dates, the number of shares purchased or acquired, and price paid or received for each such purchase, acquisition or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment. Unless the Court orders otherwise, no Request for Exclusion shall be valid unless it is made within the time and manner set forth above.

14.     Any Member of the Class may appear and show cause, if he, she or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for the Lead Plaintiff or why Lead Plaintiff's expenses (including lost wages) should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to counsel for the Lead Plaintiff unless that Person has served on the following counsel (delivered by hand or sent by first class mail) written objections and copies of any papers and briefs in support thereof on or before Mar. 19 , 2007: Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Jeffrey D. Light, 655 West Broadway, Suite 1900, San Diego, California 92101; Pillsbury Winthrop Shaw Pittman LLP, Walter J. Robinson, 2475 Hanover Street, Palo Alto, California 94304, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of California, on or before Mar. 19 , 2007. Any objection must contain a written notice of the grounds for opposing the settlement, Plan of

1  Allocation, application for attorneys' fees, costs and expenses or Lead Plaintiff's expenses and must

2  demonstrate the objecting Person's membership in the Class by including: (a) the objecting Person's

3  name, address and telephone number; (b) formal proof of the number of shares of Orange 21

4  common stock purchased or acquired and sold during the Class Period by the objecting Person; and

5  (c) a statement of the reasons for objection. Any Member of the Class who does not make his, her or

6  its objection in the manner provided shall be deemed to have waived such objection and shall forever

7  be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as

8  incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and

9  expenses to counsel for the Plaintiffs and Lead Plaintiff's expenses, unless otherwise ordered by the

10  Court.

11       15.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in

12  accordance with the terms and obligations of the Stipulation is approved. No Person that is not a

13  Class Member or counsel to the Lead Plaintiff shall have any right to any portion of, or in the

14  distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in

15  the Stipulation.

16       16.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

17  *legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be

18  distributed pursuant to the Stipulation and/or further order(s) of the Court.

19       17.     All papers in support of the settlement, the Plan of Allocation, and any application by

20  counsel for the Lead Plaintiff for attorneys' fees or reimbursement of expenses shall be filed with the

21  Court and served at least seven (7) days prior to the Settlement Hearing.

22       18.     Neither Defendants nor Defendants' counsel shall have any responsibility for the Plan

23  of Allocation or any application for reimbursement of attorneys' fees or reimbursement of expenses

24  submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness,

25  reasonableness and adequacy of the settlement.

26       19.     At or after the Settlement Hearing, the Court shall determine whether the Plan of

27  Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of

28  expenses shall be approved.

1      20.     All reasonable expenses incurred in identifying and notifying Class Members as well

2   as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the

3   settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead

4   Plaintiff nor any of her counsel shall have any obligation to repay any amounts actually and properly

5   disbursed from the Settlement Fund for such reasonable expenses.

6      21.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations

7   or proceedings connected with it, shall be construed as an admission or concession by Defendants of

8   the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any

9   kind.

10     22.     The Court reserves the right to adjourn the date of the Settlement Hearing without

11  further notice to the Members of the Class, and retains jurisdiction to consider all further

12  applications arising out of or connected with the proposed settlement. The Court may approve the

13  settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,

14  without further notice to the Class.

15       IT IS SO ORDERED.

16  DATED:   1/19/07

17                                   THE HONORABLE JEFFREY T. MILLER
                                     UNITED STATES DISTRICT JUDGE

18  Submitted by,

19  LERACH COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
20  WILLIAM S. LERACH
    DANIEL S. DROSMAN
21  JEFFREY D. LIGHT
    TED MINAHAN

22

23

24            JEFFREY D. LIGHT

25  655 West Broadway, Suite 1900
    San Diego, CA  92101
26  Telephone:  619/231-1058
    619/231-7423 (fax)
27
    Lead Counsel for Plaintiffs
28  S:\Settlement\Orange 21.set\(v1) EA-00036230.doc

**A-1**

1 | LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2 | WILLIAM S. LERACH (68581)
    DANIEL S. DROSMAN (200643)
3 | JEFFREY D. LIGHT (159515)
    TED MINAHAN (227969)
4 | 655 West Broadway, Suite 1900
    San Diego, CA  92101
5 | Telephone:  619/231-1058
    619/231-7423 (fax)
6 |
    Lead Counsel for Plaintiffs
7 |

8 |              UNITED STATES DISTRICT COURT

9 |            SOUTHERN DISTRICT OF CALIFORNIA

10 |

11 | In re ORANGE 21 INC. SECURITIES      )   No. 05-CV-0595-JM(BLM)
     LITIGATION                           )
12 | _____  )   CLASS ACTION
                                          )
13 | This Document Relates To:            )   NOTICE OF PENDENCY AND PROPOSED
                                          )   SETTLEMENT OF CLASS ACTION
       ALL ACTIONS.                       )
14 | _____  )   EXHIBIT A-1

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

TO:  ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF ORANGE 21 ON THE DATE THE STOCK WAS ISSUED IN CONNECTION WITH ORANGE 21'S DECEMBER 14, 2004 INITIAL PUBLIC OFFERING THROUGH FEBRUARY 17, 2005

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER (DEFINED BELOW), YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE _____, 2007. IF YOU ARE A MEMBER OF THE CLASS AND DO NOT SUBMIT A TIMELY REQUEST FOR EXCLUSION, YOU WILL BE BOUND BY THE RELEASE WHETHER OR NOT YOU SUBMIT A CLAIM.

## I. SUMMARY OF SETTLEMENT AND RELATED MATTERS

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of California (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") and the proposed settlement thereof and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement. This Notice describes the rights you may have in connection with participation in this settlement, what steps you may take in relation to the settlement and this class action litigation, and alternatively, what steps you must take if you wish to be excluded from the settlement and this class action.

The proposed settlement creates a fund in the amount of $1,400,000 in cash (the "Settlement Fund") and will include interest that accrues on the fund prior to distribution. Based on Lead Plaintiff's estimate of the number of shares entitled to participate in the settlement, and the anticipated number of claims to be submitted by Class Members, the average distribution per share to Class Members who purchased or acquired Orange 21 common stock would be approximately $0.45 before deduction of Court-approved fees and expenses. Your actual recovery from this Settlement Fund will depend on a number of variables including the number of claimants and the amount of shares they purchased or acquired, the number of Orange 21 shares you purchased or

1  acquired, the expense of administering the claims process, and the timing of your purchases and
2  acquisitions, and sales, if any (see Plan of Allocation below).

3       Lead Plaintiff and Defendants do not agree on the average amount of damages per share that
4  would be recoverable if Lead Plaintiff was to have prevailed on the claims asserted.  The issues on
5  which the parties disagree include: (1) whether the facts allegedly omitted were false, material or
6  otherwise actionable under the federal securities laws; (2) the appropriate economic model for
7  determining the amount by which Orange 21 shares were allegedly artificially inflated (if at all)
8  during the Class Period; (3) the amount by which Orange 21 shares were allegedly artificially
9  inflated (if at all) during the Class Period; (4) the effect of various market forces influencing the
10  trading price of Orange 21 shares at various times during the Class Period; (5) the extent to which
11  external factors, such as general market conditions, influenced the trading price of Orange 21 shares
12  at various times during the Class Period; (6) the extent to which the various matters that Lead
13  Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of Orange
14  21 shares at various times during the Class Period; and (7) the extent to which the various allegedly
15  adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the trading price
16  of Orange 21 shares at various times during the Class Period.

17       Counsel for the Lead Plaintiff believe that the proposed settlement is a good recovery and is
18  in the best interests of the Class.  Because of the risks associated with continuing to litigate and
19  proceeding to trial, there was a danger that Lead Plaintiff would not have prevailed on any of her
20  claims, in which case the Class would receive nothing.  For example, Lead Plaintiff faced the
21  possibility that remaining claims in this case would have been dismissed at the pleading stage in
22  response to Defendants' pending motion to dismiss. The Court granted Defendants' previous motion
23  to dismiss with leave to amend (see Litigation section below).  In addition, the amount of damages
24  recoverable by the Class was and is challenged by Defendants.  Recoverable damages in this case are
25  limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to
26  trial, Defendants intended to assert that all or most of the losses of Class Members were caused by
27  non-actionable market, industry or general economic factors.

28

1    Lead Plaintiff's counsel have not received any payment for their services in conducting the

2    Litigation on behalf of the Lead Plaintiff and the Members of the Class, nor have they been

3    reimbursed for their out-of-pocket expenditures. If the settlement is approved by the Court, Lead

4    Counsel will apply to the Court for attorneys' fees of 20% of the settlement proceeds and

5    reimbursement of out-of-pocket expenses not to exceed $100,000 to be paid from the Settlement

6    Fund. If the amount requested by counsel is approved by the Court, the average cost per share

7    would be $0.11. The average cost per share could vary depending on the number of shares for which

8    claims are filed.

9    This Notice is not an expression of any opinion by the Court about the merits of any of the

10   claims or defenses asserted by any party in this Litigation or the fairness or adequacy of the proposed

11   settlement.

12   For further information regarding this settlement you may contact: Rick Nelson, Lerach

13   Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego,

14   California 92101, Telephone: 800/449-4900. Please do not call any representative of Orange 21 or

15   the Court.

16   **II.    NOTICE OF HEARING ON PROPOSED SETTLEMENT**

17   A settlement hearing will be held on Apr. 23 , 2007, at 10:00 a.m., before the Honorable

18   Jeffrey T. Miller, United States District Judge, at the United States Courthouse, Southern District of

19   California, 940 Front Street, San Diego, California (the "Settlement Hearing"). The purpose of the

20   Settlement Hearing will be to determine: (1) whether the settlement consisting of $1,400,000 in cash

21   plus accrued interest should be approved as fair, reasonable and adequate to each of the parties;

22   (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair,

23   reasonable and adequate; (3) whether the application by Lead Plaintiff's counsel for an award of

24   attorneys' fees and expenses should be approved; (4) whether the application for Lead Plaintiff's

25   expenses (including lost wages) should be approved; and (5) whether the Litigation should be

26   dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing without

27   further notice to the Class.

28

## III.     DEFINITIONS USED IN THIS NOTICE

1.     "Class" means a class consisting of all Persons (other than those Persons who timely and validly request exclusion from the Class) who purchased or otherwise acquired the common stock of Orange 21 on the date the stock was issued in connection with Orange 21's December 14, 2004 IPO through February 17, 2005.  Excluded from the Class are Defendants, members of the immediate families of the Defendants, any entity in which any Defendant has or had a controlling interest, present or former directors and officers of Orange 21, and the legal representatives, heirs, successors, or assigns of any such Defendant.

2.     "Class Period" means the period commencing on the date Orange 21 common stock was issued in connection with Orange 21's December 14, 2004 IPO through February 17, 2005.

3.     "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth above.  Insofar as a Class Member makes a proper and timely request for exclusion from the Class, he, she, or it shall not be considered a Class Member.

4.     "Defendants" means Orange 21, Barry Buchholtz, Michael Brower, Mark Simo, Harry L. Casari, David R. Mitchell, Roger S. Penske, Jr., Greg Theiss and Jeffrey Theodosakis.

5.     "Lead Counsel" means Lerach Coughlin Stoia Geller Rudman & Robbins LLP.

6.     "Lead Plaintiff" means Christine Pittman.

7.     "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

8.     "Related Persons" means each of a Defendant's or No Fear Inc.'s past or present directors, officers, managers, employees, partners, members, principals, agents, underwriters, insurers and co-insurers and their reinsurers, controlling shareholders, venture capital investors, attorneys, accountants or auditors, banks or investment banks, financial advisors, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, including without limitation No Fear,

05-CV-0595-JM(BLM)

1    Inc., any entity in which a Defendant has a controlling interest, any members of their immediate

2    families, or any trust of which any Defendant is the settlor or which is for the benefit of any

3    Defendant and/or member(s) of his or her family.

4        9.    "Released Claims" shall collectively mean all claims (including "Unknown Claims"

5    as defined below), demands, losses, rights, liabilities and causes of action under federal or state law,

6    whether based upon statutory or common law, whether class or individual in nature, known or

7    unknown, concealed or hidden, fixed or contingent, and that either were asserted or could have been

8    asserted, by the Lead Plaintiff or any Class Member against any of the Released Parties arising out

9    of, relating to or in connection with the purchase or acquisition of Orange 21 common stock during

10   the Class Period, and the acts, facts, events, statements, disclosures, misrepresentations or omissions

11   that were or could have been alleged in the Litigation or in any forum.

12       10.   "Released Parties" means each and all of the Defendants, No Fear Inc. and their

13   respective Related Persons.

14       11.   "Settled Defendants' Claims" means all claims (including, but not limited to,

15   "Unknown Claims" as defined below), demands, losses, rights, and causes of action of any nature

16   whatsoever, whether known or unknown, whether suspected or unsuspected, whether concealed or

17   hidden, that have been or could have been asserted in the Litigation or any forum by the Defendants

18   or any of them or the successors and assigns of any of them against the Lead Plaintiff, Class

19   Members and Plaintiffs' Counsel which arise out of or relate in any way to the institution,

20   prosecution, assertion, settlement, or resolution of the Litigation (except for claims to enforce the

21   Stipulation).

22       12.   "Settlement Fund" means the principal amount of One Million Four Hundred

23   Thousand Dollars ($1,400,000) in cash, plus any accrued interest.

24       13.   "Unknown Claims" means any Released Claims that the Lead Plaintiff or any Class

25   Member does not know or suspect to exist in his, her, or its favor at the time of the release of the

26   Released Parties, and any Settled Defendants' Claims that any Defendant does not know or suspect

27   to exist in his, her or its favor, which, if known by him, her, or it, might have affected his, her, or its

28   settlement with and release of the Released Parties, or might have affected his, her, or its decision(s)

1  with respect to the settlement. With respect to any and all Released Claims and Settled Defendants'

2  Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and the

3  Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by

4  operation of the Judgment shall have, expressly waived the provisions, rights, and benefits conferred

5  by any law of any state or territory of the United States, or principle of common law, which is

6  similar, comparable or equivalent to California Civil Code §1542, which provides:

7
> A general release does not extend to claims which the creditor does not know
> or suspect to exist in his or her favor at the time of executing the release, which if
> known by him or her must have materially affected his or her settlement with the
> debtor.

8

9

10  The Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have,

11  and by operation of the Judgment shall have, expressly waived, any and all provisions, rights and

12  benefits conferred by any law of any state or territory of the United States, or principle of common

13  law, which is similar, comparable or equivalent to California Civil Code §1542.

14  The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different

15  from those that any of them now knows or believes to be true related to the subject matter of the

16  Released Claims, but the Lead Plaintiff shall expressly and each Class Member, upon the Effective

17  Date, shall be deemed to have, and by operation of Judgment shall have, fully, finally, and forever

18  settled and released any and all Released Claims, known or unknown, suspected or unsuspected,

19  contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore

20  have existed upon any theory of law or equity now existing or coming into existence in the future,

21  including, but not limited to, conduct that is negligent, intentional, with or without malice, or a

22  breach of any duty, law or rule, without regard to the subsequent discovery or existence of such

23  different or additional facts. Similarly, the Defendants and Released Parties may hereafter discover

24  facts in addition to or different from those that any of them now know or believe to be true related to

25  the subject matter of the Settled Defendants' Claims, but each Defendant shall expressly and each

26  Released Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment

27  shall have fully, finally, and forever settled and released any and all Settled Defendants' Claims,

28  known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not

1   concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity

2   now existing or coming into existence in the future, including, but not limited to, conduct that is

3   negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to

4   the subsequent discovery or existence of such different or additional facts. The Settling Parties

5   acknowledge, and the Class Members and the Released Parties shall be deemed by operation of the

6   Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of

7   Released Claims and Settled Defendants' Claims was separately bargained for and is a key element

8   of the settlement of which these releases are a part.

9   **IV.    THE LITIGATION**

10          On or after March 24, 2005, two securities class actions were filed in the United States

11  District Court for the Southern District of California as securities class actions on behalf of persons

12  who purchased or otherwise acquired the common stock of Orange 21, Inc. ("Orange 21" or the

13  "Company") pursuant to the Company's December 14, 2004 initial public offering ("IPO").

14          By Order dated July 5, 2005, these actions were consolidated for all purposes under the

15  caption *In re Orange 21 Inc. Securities Litigation*, No. 05-CV-0595-JM(BLM). The Court also

16  appointed Christine Pittman as Lead Plaintiff and approved Lead Plaintiff's selection of Lerach

17  Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel.

18          On October 11, 2005, Lead Plaintiff filed a Consolidated Complaint for Violation of the

19  Federal Securities Laws asserting claims under the Securities Act of 1933 ("1933 Act"). The

20  complaint alleged that Orange 21's December 14, 2004 Registration Statement and Prospectus

21  ("Prospectus") failed to disclose three material facts that made the Prospectus misleading: (i) the

22  Company had been threatened with an expensive patent suit by Oakley, Inc.; (ii) the Company was

23  at risk of losing one of its largest retail customers, Iacon; and (iii) the future transition of Orange

24  21's distribution system to "dealer-direct" in France and Italy would cost the Company between

25  $600,000 and $700,000. On December 12, 2005, Defendants filed a motion to dismiss the

26  complaint. On March 29, 2006, the Court granted Defendants' motion to dismiss, dismissing the

27  first two claims with prejudice and the third without prejudice. The Court allowed Lead Plaintiff to

28  replead the third claim based on a negligence theory. Thereafter, Lead Plaintiff filed an Amended

1 Consolidated Complaint for Violation of the Federal Securities Laws ("Complaint") asserting claims

2 under Sections 11 and 15 of the 1933 Act.  The Complaint alleges that while the Prospectus

3 disclosed that the Company intended to expand the use of the dealer-direct distribution model into a

4 second territory in 2005, it did not disclose the expected costs of the transition to the dealer-direct

5 distribution model in Italy and France.

6       On May 8, 2006, Defendants moved to dismiss the Complaint.  Defendants argued, among

7 other grounds,  that the Prospectus disclosed various risks of doing business overseas, that the sales

8 and marketing expenses had increased and were predicted to increase further and that the Company

9 intended to expand the use of its dealer-direct distribution model into a second territory in 2005.

10 Prior to the time Lead Plaintiff's opposition brief was due, the Settling Parties agreed to participate

11 in mediation.  On August 29, 2006, the Settling Parties participated in mediation before the

12 Honorable Daniel Weinstein (Ret.).  As a result of the mediation, the Settling Parties reached an

13 agreement-in-principle to settle the Litigation.

14 **V.     CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT**

15

16       The Lead Plaintiff believes that the claims asserted in the Litigation have merit.  However,

17 counsel for the Lead Plaintiff recognize and acknowledge the expense and length of continued

18 proceedings necessary to prosecute the Litigation against the Defendants through trial and through

19 appeals, particularly where, as here, the Court has dismissed Lead Plaintiff's complaint with leave to

20 amend.  Counsel for the Lead Plaintiff also have taken into account the uncertain outcome and the

21 risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties

22 and delays inherent in such litigation. Counsel for the Lead Plaintiff also are mindful of the inherent

23 problems of proof under and possible defenses to the violations asserted in the Litigation.  Counsel

24 for the Lead Plaintiff believe that the settlement set forth in the Stipulation confers substantial

25 benefits upon the Class and is in the best interest of the Class.

26 **VI.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

27       The Defendants have denied and continue to deny each and all of the claims and contentions

28 alleged by the Lead Plaintiff in the Litigation.  The Defendants expressly have denied and continue

1  to deny all charges of wrongdoing or liability against them arising out of any of the conduct,

2  statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  The

3  Defendants also have denied and continue to deny, *inter alia*, that Defendants made any false or

4  misleading statements, the allegations that the Lead Plaintiff or Class Members have suffered

5  damage, that the price of Orange 21's common stock was artificially inflated by reasons of alleged

6  misrepresentations, non-disclosures or otherwise, that the Lead Plaintiff or Class Members can prove

7  that any alleged statements caused their losses, or that the Lead Plaintiff or the Class were otherwise

8  harmed by the conduct alleged in the Litigation.

9       Nonetheless, the Defendants have concluded that further conduct of the Litigation could be

10  protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the

11  manner and upon the terms and conditions set forth in the Stipulation.  The Defendants also have

12  taken into account the uncertainty and risks inherent in any litigation, especially in complex cases

13  like the Litigation.  The Defendants have, therefore, determined that it is desirable and beneficial to

14  them that the Litigation be settled in the manner and upon the terms and conditions set forth in the

15  Stipulation.

16  **VII.    TERMS OF THE PROPOSED SETTLEMENT**

17       The Defendants will pay or cause to be paid into an escrow account, pursuant to the terms of

18  the Stipulation of Settlement dated as of December 14, 2006 (the "Stipulation"), cash in the amount

19  of $1,400,000 which will earn interest for the benefit of the Class.

20       A portion of the settlement proceeds will be used for certain administrative expenses,

21  including costs of printing and mailing this Notice, the cost of publishing newspaper notice, payment

22  of any taxes assessed against the Settlement Fund and costs associated with the processing of claims

23  submitted.  In addition, as explained below, a portion of the Settlement Fund may be awarded by the

24  Court to counsel for Lead Plaintiff for attorneys' fees and for reimbursement of out-of-pocket

25  expenses and to Lead Plaintiff for her expenses (including lost wages) incurred in representing the

26  Class. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according

27  to the Plan of Allocation described below to Class Members who submit valid and timely Proof of

28  Claim forms.

## VIII.   PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described below.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss on all transactions in Orange 21 common stock.

Each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The total of all profits shall be subtracted from the total of all losses from transactions during the Class Period to determine if a Class Member has a claim.  Only if a Class Member had a net loss, after all profits from transactions in Orange 21's common stock during the Class Period are subtracted from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund.  Claims will be calculated as follows:

December 13, 2004 Offering Price:                                              $8.75

March 24, 2005 Closing Price (the date the lawsuit was filed):      $6.51

Offering Price less the Closing Price on the
date the lawsuit was filed:                                                       $2.24

For shares of Orange 21 common stock purchased or otherwise acquired between December 13, 2004 through February 17, 2005, and

(a)     sold prior to March 24, 2005, the claim per share shall be the lesser of:

(i)     the purchase price less the sales price, or

(ii)    the Offering Price ($8.75) less the sales price.

(b)     sold on or after March 24, 2005, the claim per share shall be the lesser of:

(i)     the purchase price less the sales price, or

(ii)    $2.24 (the Offering Price less the Closing Price on the date the lawsuit was filed).

(c)     retained on or after March 25, 2005, the claim per share shall be $2.24.

1     The date of purchase or sale is the "contract" or "trade" date as distinguished from the

2   "settlement" date. The determination of the price paid per share and the price received per share

3   shall be exclusive of all commissions, taxes, fees and charges.

4     For Class Members who made multiple purchases or multiple sales during the Class Period,

5   the earliest subsequent sale shall be matched with the earliest purchase and chronologically

6   thereafter for purposes of the claim calculations.

7     The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class

8   Member on equitable grounds.

9   **IX.   ORDER CERTIFYING A CLASS FOR PURPOSES OF SETTLEMENT**

10    On Jan. 19     , 2007, the Court certified a class, for settlement purposes only. The Class

11  is defined above.

12  **X.   PARTICIPATION IN THE CLASS**

13    If you fall within the definition of the Class, you will remain a Class Member unless you

14  elect to be excluded from the Class. If you do not request to be excluded from the Class, you will be

15  bound by any judgment entered with respect to the settlement in the Litigation whether or not you

16  file a Proof of Claim.

17    *If you wish to remain a Class Member, you need do nothing (other than timely file a Proof*

18  *of Claim and Release if you wish to participate in the distribution of the Net Settlement Fund).*

19  *Your interests will be represented by Lead Counsel.* If you choose, you may enter an appearance

20  individually or through your own counsel at your own expense.

21    **TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND,**

22  **YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND**

23  **RELEASE FORM THAT ACCOMPANIES THIS NOTICE.** The Proof of Claim and Release

24  must be postmarked on or before _____, 2007, and delivered to the Claims Administrator at

25  the address below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of

26  Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all

27  other respects be bound by the provisions of the Stipulation and the Judgment.

28

XI.    **EXCLUSION FROM THE CLASS**

You may request to be excluded from the Class.  To do so, you must mail a written request stating that you wish to be excluded from the Class to:

> *Orange 21 Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA  94912-8040

The request for exclusion must state: (a) your name, address, and telephone number; and (b) all purchases, acquisitions and sales of Orange 21's common stock, including the dates of purchase, acquisition or sale, the number of such shares purchased, acquired or sold and the price paid or received per share.  YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE Mar. 19 , 2007.  If you submit a valid and timely request for exclusion, you shall have no rights under the settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.  Defendants may withdraw from and terminate the settlement if Class Members who purchased in excess of a certain amount of Orange 21's common stock exclude themselves from the Class.

XII.    **DISMISSAL AND RELEASES**

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice ("Judgment").  The Judgment will dismiss the Released Claims with prejudice as to all Released Parties.

The Judgment will provide that all Class Members who do not validly and timely request to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims (to the extent Members of the Class have such claims) against all Released Parties.

XIII.   **MOTION FOR FEES AND EXPENSES**

At the Settlement Hearing, counsel for Lead Plaintiff will request the Court to award attorneys' fees of 20% of the Settlement Fund, plus reimbursement of the expenses, not to exceed $100,000, which were advanced in connection with the Litigation, plus interest thereon.  In addition, the Lead Plaintiff may seek compensation of up to $20,000 for her expenses (including lost wages)

1    in prosecuting the Litigation on behalf of the Class.  Class Members are not personally liable for any

2    such fees or expenses.

3           To date, Lead Counsel have not received any payment for their services in conducting this

4    Litigation on behalf of Lead Plaintiff and the Members of the Class, nor have counsel been

5    reimbursed for their out-of-pocket expenses.  The fee requested by Lead Counsel would compensate

6    counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their

7    risk in undertaking this representation on a contingency basis.  The fee requested is within the range

8    of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

9    **XIV.   CONDITIONS FOR SETTLEMENT**

10          The settlement is conditioned upon the occurrence of certain events described in the

11   Stipulation.  Those events include, among other things: (a) entry of the Judgment by the Court, as

12   provided for in the Stipulation; and (b) expiration of the time to appeal from or alter or amend the

13   Judgment.  If, for any reason, any one of the conditions described in the Stipulation is not met, the

14   Stipulation might be terminated and, if terminated, will become null and void, and the parties to the

15   Stipulation will be restored to their respective positions as of October 23, 2006.

16   **XV.    THE RIGHT TO BE HEARD AT THE HEARING**

17          Any Class Member who has not validly and timely requested to be excluded from the Class,

18   and who objects to any aspect of the settlement, the Plan of Allocation, or the application for

19   attorneys' fees, costs and expenses, may appear and be heard at the Settlement Hearing.  Any such

20   Person must submit a written notice of objection, filed with the Clerk of the Court at the address

21   listed below on or before ___Mar. 19___, 2007:

22                    CLERK OF THE COURT
                     UNITED STATES DISTRICT COURT
23                    SOUTHERN DISTRICT OF CALIFORNIA
                     880 Front Street, Room 4290
24                    San Diego, CA  92101-8900

25          The written notice of objection must also be served by hand or sent by first class mail on or

26   before Mar. 19, 2007 on each of the following:

27

28

                                        - 13 -                    05-CV-0595-JM(BLM)

1    Lead Counsel for Lead Plaintiff and the Class

2    LERACH COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
3    JEFFREY D. LIGHT
     655 W. Broadway, Suite 1900
4    San Diego, CA 92101

5    Attorneys for Defendants

6    PILLSBURY WINTHROP SHAW
       PITTMAN LLP
7    WALTER J. ROBINSON
     2475 Hanover Street
8    Palo Alto, CA 94304

9    The notice of objection must demonstrate the objecting Person's membership in the Class, by and

10   including (a) the objecting Person's name, address and telephone number; (b) formal proof of the

11   number of shares of Orange 21 common stock purchased or acquired and sold during the Class

12   Period by the objecting Person and contain a statement of the reasons for objection. Only Members

13   of the Class who have submitted written notices of objection in this manner will be entitled to be

14   heard at the Settlement Hearing, unless the Court orders otherwise.

15   **XVI.   SPECIAL NOTICE TO NOMINEES**

16        If you hold any of Orange 21's common stock purchased or acquired during the Class Period

17   as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must

18   either: (a) send a copy of this Notice and the Proof of Claim by first class mail to all such Persons; or

19   (b) provide a list of the names and addresses of such Persons to the Claims Administrator:

20             *Orange 21 Securities Litigation*
               Claims Administrator
21             c/o Gilardi & Co. LLC
               P.O. Box 8040
22             San Rafael, CA 94912-8040

23        If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

24   Claims Administrator (without cost to you) as many additional copies of these documents as you

25   will need to complete the mailing.

26        Regardless of whether you choose to complete the mailing yourself or elect to have the

27   mailing performed for you, you may obtain reimbursement for or advancement of reasonable

28   administrative costs actually incurred or expected to be incurred in connection with forwarding the

1   Notice and Proof of Claim and which would not have been incurred but for the obligation to forward

2   the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims

3   Administrator.

4   **XVII. EXAMINATION OF PAPERS**

5         This Notice is a summary and does not describe all of the details of the Stipulation. For full

6   details of the matters discussed in this Notice, you may review the Stipulation filed with the Court,

7   which may be inspected during business hours, at the office of the Clerk of the Court, Southern

8   District of California, 880 Front Street, Room 4290, San Diego, California 92101.

9         If you have any questions about the settlement of the Litigation, you may contact Lead

10  Counsel:

11                      LERACH COUGHLIN STOIA GELLER
                         RUDMAN & ROBBINS LLP

12                      JEFFREY D. LIGHT
                        655 W. Broadway, Suite 1900

13                      San Diego, CA 92101
                        800/449-4900

14

15        **DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

16  Dated: __Jan. 19_____, 2007       BY ORDER OF THE COURT

17                                    UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF CALIFORNIA

18  S:\Settlement\Orange 21.set\(v1) A1-00036232.doc

19

20

21

22

23

24

25

26

27

28

1 | LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
2 | WILLIAM S. LERACH (68581)
    DANIEL S. DROSMAN (200643)
3 | JEFFREY D. LIGHT (159515)
    TED MINAHAN (227969)
4 | 655 West Broadway, Suite 1900
    San Diego, CA 92101
5 | Telephone: 619/231-1058
    619/231-7423 (fax)
6 |
    Lead Counsel for Plaintiffs
7 |

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 |

| In re ORANGE 21 INC. SECURITIES LITIGATION | ) | No. 05-CV-0595-JM(BLM) |
|---|---|---|
| | ) | CLASS ACTION |
| This Document Relates To: | ) | PROOF OF CLAIM AND RELEASE |
| ALL ACTIONS. | ) | EXHIBIT A-2 |
| | ) | |

## I.   GENERAL INSTRUCTIONS

1.      To recover as a Member of the Class based on your claims in the action entitled *In re Orange 21 Inc. Securities Litigation*, No. 05-CV-0595-JM(BLM) (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.      **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2007, ADDRESSED AS FOLLOWS:**

> *Orange 21 Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA  94912-8040

If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action) DO NOT submit a Proof of Claim and Release form.

4.      If you are a Member of the Class and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.   DEFINITIONS

1.      "Defendants" means Orange 21, Barry Buchholtz, Michael Brower, Mark Simo, Harry L. Casari, David R. Mitchell, Roger S. Penske, Jr., Greg Theiss and Jeffrey Theodosakis.

2.      "Related Persons" means each of a Defendant's or No Fear Inc.'s past or present directors, officers, managers, employees, partners, members, principals, agents, underwriters, insurers and co-insurers and their reinsurers, controlling shareholders, venture capital investors, attorneys, accountants or auditors, banks or investment banks, financial advisors, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint

1  ventures, assigns, spouses, heirs, related or affiliated entities, including without limitation No Fear,

2  Inc., any entity in which a Defendant has a controlling interest, any members of their immediate

3  families, or any trust of which any Defendant is the settlor or which is for the benefit of any

4  Defendant and/or member(s) of his or her family.

5      3.    "Released Parties" means each and all of the Defendants, No Fear Inc. and their

6  respective Related Persons.

7  **III.   CLAIMANT IDENTIFICATION**

8      1.    If you purchased or acquired Orange 21 common stock and held the certificate(s) in

9  your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you

10 purchased or acquired Orange 21 common stock and the certificate(s) were registered in the name of

11 a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third

12 party is the record purchaser.

13     2.    Use Part I of this form entitled "Claimant Identification" to identify each purchaser of

14 record ("nominee"), if different from the beneficial purchaser of Orange 21's common stock which

15 forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL

16 PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH

17 PURCHASER OR PURCHASERS, OF THE ORANGE 21 COMMON STOCK WHICH THIS

18 CLAIM IS BASED.

19     3.    All joint purchasers must sign this claim.  Executors, administrators, guardians,

20 conservators and trustees must complete and sign this claim on behalf of Persons represented by

21 them and their authority must accompany this claim and their titles or capacities must be stated.  The

22 Social Security (or taxpayer identification) number and telephone number of the beneficial owner

23 may be used in verifying the claim.  Failure to provide the foregoing information could delay

24 verification of your claim or result in rejection of the claim.

25 **IV.   CLAIM FORM**

26     1.    Use Part II of this form entitled "Schedule of Transactions in Orange 21 Common

27 Stock" to supply all required details of your transaction(s) in Orange 21's common stock.  If you

28

1  need more space or additional schedules, attach separate sheets giving all of the required information
2  in substantially the same form.  Sign and print or type your name on each additional sheet.

3      2.      On the schedules, provide all of the requested information with respect to **all** of your
4  purchases or acquisitions of Orange 21's common stock which took place at any time beginning on
5  the date Orange 21 common stock was issued in connection with Orange 21's December 14, 2004
6  IPO through February 17, 2005 (the "Class Period"), all of your sales of Orange 21 common stock
7  from the date Orange 21 common stock was issued in connection with Orange 21's IPO and the date
8  you sign this claim form and the number of shares held on the date this claim form is signed,
9  whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may
10  result in the rejection of your claim.

11      3.      List each transaction in the Class Period separately and in chronological order, by
12  trade date, beginning with the earliest.  You must accurately provide the month, day and year of each
13  transaction you list.

14      4.      The date of covering a "short sale" is deemed to be the date of purchase of Orange 21
15  common stock.  The date of a "short sale" is deemed to be the date of sale of Orange 21 common
16  stock.

17      5.      Broker confirmations or other documentation of your transactions in Orange 21's
18  common stock should be attached to your claim.  Failure to provide this documentation could delay
19  verification of your claim or result in rejection of your claim.

20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

*In re Orange 21 Inc. Securities Litigation,*
No. 05-CV-0595-JM(BLM)

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than:
_____, 2007

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____    _____
City                                                        State or Province

_____    _____
Zip Code or Postal Code                           Country

_____    _____  Individual
Social Security Number or                  _____  Corporation/Other
Taxpayer Identification Number

_____  _____
Area Code             Telephone Number (work)

_____  _____
Area Code             Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

- 4 -                                    05-CV-0595-JM(BLM)

PART II:        SCHEDULE OF TRANSACTIONS IN ORANGE 21 COMMON STOCK

     A.        Purchases or acquisitions of Orange 21's common stock issued in connection with the Company's December 14, 2004 IPO through February 17, 2005:

| Trade Date<br>Month Day Year | Number of Shares<br>Purchased or Acquired | Total Purchase or<br>Acquisition Price |
|---|---|---|
| 1. _____ | _____ | _____ |
| 2. _____ | _____ | _____ |
| 3. _____ | _____ | _____ |

IMPORTANT:        Identify by number listed above all purchases in which you covered a "short sale": _____

     B.        Sales (December 14, 2004 through the date this claim form is signed) of Orange 21 common stock:

| Trade Date<br>Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____ | _____ | _____ |
| 2. _____ | _____ | _____ |
| 3. _____ | _____ | _____ |

     C.        Number of shares of Orange 21 common stock held at close of trading on the date this claim form is signed: _____

YOU MUST READ THE RELEASE AND SIGN ON PAGE _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

## V.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Southern District of California with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to the Claims Administrator to support this claim if required to do so. I have not submitted any other claim in this Litigation covering the same purchases, acquisitions or sales of Orange 21's common stock during the Class Period and know of no other Person having done so on my behalf.

## VI.    RELEASE

1.     I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Parties (as defined above).

2.     "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, losses, rights, liabilities and causes of action under federal or state law, whether based upon statutory or common law, whether class or individual in nature, known or unknown, concealed or hidden, fixed or contingent, and that either were asserted or could have been asserted, by the Lead Plaintiff or any Class Member against any of the Released Parties arising out of, relating to or in connection with the purchase or acquisition of Orange 21 common stock during the Class Period, and the acts, facts, events, statements, disclosures, misrepresentations or omissions that were or could have been alleged in the Litigation or in any forum.

3.     "Unknown Claims" means any Released Claims that the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Parties, or might have affected his, her, or its decision(s)

-6-                                      05-CV-0595-JM(BLM)

with respect to the settlement.  With respect to any and all Released Claims and Settled Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and the Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.

The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Similarly, the Defendants and Released Parties may hereafter discover facts in addition to or different from those that any of them now know or believe to be true related to the subject matter of the Settled Defendants' Claims, but each Defendant shall expressly and each Released Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled and released any and all Settled Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not

1   concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity

2   now existing or coming into existence in the future, including, but not limited to, conduct that is

3   negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to

4   the subsequent discovery or existence of such different or additional facts.  The Settling Parties

5   acknowledge, and the Class Members and the Released Parties shall be deemed by operation of the

6   Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of

7   Released Claims and Settled Defendants' Claims was separately bargained for and is a key element

8   of the settlement of which these releases are a part.

9       4.    This release shall be of no force or effect unless and until the Court approves the

10   Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in

11   the Stipulation).

12       5.    I (We) agree to be bound by all prior court rulings in the Litigation, and agree to be

13   bound by all actions taken by the Lead Plaintiff and her counsel, including the voluntary dismissal of

14   any claims alleged in any of the complaints filed in the Litigation.

15       6.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or

16   purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

17   release or any other part or portion thereof.

18       7.    I (We) hereby warrant and represent that I (we) have included information about all

19   of my (our) transactions in Orange 21's common stock which occurred during the Class Period and

20   the number of shares held by me (us) at the close of trading on the date this claim form is signed.

21

22

23

24

25

26

27

28

      05-CV-0595-JM(BLM)

**SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME: _____

Check appropriate box:

☐ Individual/Sole Proprietor          ☐ Pension Plan
☐ Corporation        ☐ Partnership       ☐ Trust
☐ IRA                ☐ Other

Enter TIN on appropriate line.

For individuals, this is your Social Security Number ("SSN").

For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

For other entities, it is your EIN.

___ ___ - ___ ___ - ___ ___ ___ ___          or          ___ ___ - ___ ___ ___ ___ ___ ___ ___
Social Security Number                              Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.   The number shown on this form is my correct TIN; and

2.   I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:          If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

    Executed this _____ day of _____,
                                          (Month/Year)

in _____, _____.
          (City)                   (State/Country)

_____
                               (Sign your name here)

_____
                        (Type or print your name here)

_____
            (Capacity of person(s) signing,
            *e.g.*, Beneficial Purchaser or Acquirer,
            Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

    1.    Please sign the above release and declaration.

    2.    Remember to attach supporting documentation, if available.

    3.    Do not send original stock certificates.

    4.    Keep a copy of your claim form for your records.

    5.    If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

    6.    If you move, please send us your new address.

S:\Settlement\Orange 21.set\(v1) A2-00036233.doc

**A-3**

1  LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  WILLIAM S. LERACH (68581)
   DANIEL S. DROSMAN (200643)
3  JEFFREY D. LIGHT (159515)
   TED MINAHAN (227969)
4  655 West Broadway, Suite 1900
   San Diego, CA  92101
5  Telephone:  619/231-1058
   619/231-7423 (fax)
6
   Lead Counsel for Plaintiffs
7

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10
   In re ORANGE 21 INC. SECURITIES    )  No. 05-CV-0595-JM(BLM)
11 LITIGATION                         )
                                      )  CLASS ACTION
12 ───────────────────────────────────)
   This Document Relates To:          )  SUMMARY NOTICE
13                                     )
        ALL ACTIONS.                   )  EXHIBIT A-3
14 ───────────────────────────────────)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF ORANGE 21 ON THE DATE THE STOCK WAS ISSUED IN CONNECTION WITH ORANGE 21'S DECEMBER 14, 2004 INITIAL PUBLIC OFFERING THROUGH FEBRUARY 17, 2005

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of California, that a hearing will be held on _Apr. 23_, 2007, at _10:00_ A._m., before the Honorable Jeffrey T. Miller, United States District Judge, at the United States Courthouse, Southern District of California, 940 Front Street, San Diego, California, for the purpose of determining: (1) whether the proposed settlement of the claims in the Litigation for the sum of $1,400,000 in cash plus accrued interest should be approved by the Court as fair, reasonable and adequate; (2) whether this Litigation should be dismissed with prejudice; (3) whether the Plan of Allocation is fair, reasonable and adequate and therefore should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in connection with this Litigation and reimbursement of the Lead Plaintiff's expenses should be approved.

If you purchased or acquired Orange 21 common stock in connection with Orange 21's December 14, 2004 Initial Public Offering through February 17, 2005, your rights may be affected by the settlement of this Litigation. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Orange 21 Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or you can download a copy at www.gilardi.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than _____, 2007, establishing that you are entitled to recovery. You will be bound by any judgment rendered in the Litigation whether or not you make a claim.

If you desire to be excluded from the Class, you must submit a request for exclusion postmarked by _Mar 19_, 2007, in the manner and form explained in the detailed Notice referred to above. All Members of the Class who have not requested exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

05-CV-0595-JM(BLM)

1   Any objection to the settlement must be filed with the Court at the address below and served

2 by hand or first class mail on the attorneys listed below on or before ___Mar. 19___, 2007:

3       CLERK OF THE COURT
        UNITED STATES DISTRICT COURT

4       SOUTHERN DISTRICT OF CALIFORNIA
        880 Front Street, Room 4290

5       San Diego, CA  92101-8900

6       Counsel for Lead Plaintiff and the Class

7       LERACH COUGHLIN STOIA GELLER
         RUDMAN & ROBBINS LLP

8       JEFFREY D. LIGHT
        655 West Broadway, Suite 1900

9       San Diego, CA  92101

10       Counsel for Defendants

11       PILLSBURY WINTHROP SHAW
         PITTMAN LLP

12       WALTER J. ROBINSON
        2475 Hanover Street

13       Palo Alto, CA  94304

14  **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

15 **REGARDING THIS NOTICE.**

16 DATED: ___Jan. 19___, 2006   BY ORDER OF THE COURT
             UNITED STATES DISTRICT COURT

17            SOUTHERN DISTRICT OF CALIFORNIA

18 S:\Settlement\Orange 21.set\(v1) A3-00036234.doc

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via Overnight Delivery to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ JEFFREY D. LIGHT
JEFFREY D. LIGHT

LERACH COUGHLIN STOIA GELLER
            RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  JeffL@lerachlaw.com

# Mailing Information for a Case 3:05-cv-00595-JM-BLM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey R Krinsk**
  jrk@classactionlaw.com fk@classactionlaw.com

- **Darren Jay Robbins**
  e_file_sd@lerachlaw.com

- **Richard Mark Segal**
  richard.segal@pillsburylaw.com charles.sandlin@pillsburylaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## MANUAL NOTICE LIST

Walter J. Robinson III
Pillsbury Winthrop Shaw Pittman LLP
2475 Hanover Street
Palo Alto, CA  94304
    650/233-4500
    650/233-4545 (Fax)

Bruce A. Ericson
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA  94105-7880
    415/983-1000
    415/983-1200 (Fax)